## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

CARL CHERY,                        :
                                   :
            Petitioner,            :
                                   :
v.                                 :        CASE NO. 4:08-CV-52 CDL
                                   :
United States DHS/ICE,             :          28 U.S.C. § 2241
                                   :        Habeas Corpus Petition
            Respondent.            :

## REPORT AND RECOMMENDATION

On April 23, 2008, Petitioner Chery, who is currently incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. (R-1).  On August 4, 2008, in lieu of an Answer, Respondents filed a Motion to Dismiss and a Memorandum in support of such, contending that Petitioner has failed to show that his removal would not be completed within the reasonably near future. (R-11-2).  Petitioner was ordered to file a response (R-12), which was filed in this court on September 11, 2008. (R-14).

## FINDINGS OF FACT

1.     Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia.  Petitioner was thought to be a native and citizen of the Bahamas, but it has been determined that Petitioner's parents are non-Bahamian, and, as such, he was required to file for Bahamian citizenship at the age of eighteen.  Petitioner failed to do so, and is, therefore, still a native and citizen of Haiti who entered the United States on July 23, 1988 on a B-2 visitor's visa.  (R-11-2).

2.     On April 14, 2000, Petitioner was convicted in the United State District Court for the Southern District of Florida of attempted possession with intent to distribute cocaine

and possession of a firearm during a drug trafficking crime.  *Id.*  This conviction made Petitioner removable under 8 U.S.C. § 237 (a)(2)(A)(iii).  *Id.*  Petitioner was ordered removed by an Immigration Judge on January 24, 2008.  Petitioner did not appeal the removal order.  *Id.*

3.     On February 14, 2008, Petitioner's travel document request was sent to the Bahamian Consulate in Miami, Florida.  (R-16-2).  On September 22, 2008, Petitioner's travel documents were denied because he had failed to apply for citizenship at the age of eighteen.  Petitioner was notified of the determination on the same date and told that he could apply for Bahamian citizenship upon his release from custody.

4.     Respondent is currently in contact with the Haitian Consulate on behalf of Petitioner to determine whether they will issue travel documents to him so that he may apply for Bahamian citizenship.

## LEGAL STANDARD

The standard for a Motion to Dismiss was recently altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement."  *Bell Atlantic*, 127 S.Ct. At 1969.  The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level."  *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted).  Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. At 1966-67.

> Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## DISCUSSION

In his Application, the Petitioner argues that he has been unlawfully detained by the Department of Homeland Security, Immigration and Custom Enforcement (ICE) where his removal order is not valid. (R-1). He contends in his Memorandum in support of his petition, that his removal from the United States is not reasonably foreseeable. (R-15). Petitioner, therefore, requests that his writ of habeas corpus be granted and that he be

released.  *Id.*

## Application of the Law

Petitioner's detention by the ICE pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal, or, if the alien is confined, the date the alien is released from confinement.[1]  See INA § 241(a)(1)(A)-(B), 8 U.S.C. § 1231(a)(1)(A)-(B).  During the 90-day period, Congress has mandated detention of the alien ordered removed.  See INA § 241(a)(2), 8 U.S.C. § 1231(a)(2).  The Attorney General may continue to detain an alien after the expiration of the ninety-day removal period.  8 U.S.C. § 1231(a)(6).  In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States.  The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal.  *Id.* at 701.

The six month presumption does not mean that every detainee not removed must be

---

[1] 8 U.S.C. § 1231(a)(1)(B) provides:
The removal period begins on the latest of the following:
(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

released after six months.  To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future.  *Zadvydas*, 533 U.S. at 701.  Additionally, the Court of Appeals for the Eleventh Circuit determined that "to state a claim under *Zadvydas*, the alien must not only show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

In this case, it has only recently been determined that Petitioner is not a citizen of the Bahamas.  Upon receiving that information, the Respondent is in the process of obtaining travel documents on Petitioner's behalf so that he may be deported to Haiti, his native country.  Therefore, Petitioner has not met his burden of establishing that his removal is not likely in the foreseeable future, and, as such, has failed state a claim upon which relief may be granted.

**WHEREFORE, IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED** and that the detention of Petitioner continue. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION  with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 6th day of October, 2008.

S/ G. MALLON FAIRCLOTH
eSw                              UNITED STATES MAGISTRATE JUDGE

5